# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STEVE SCOTT BADER
ADC #96787                                                                                                    PETITIONER

VS.                                         5:09CV00218 WRW/JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, who is currently confined in the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and a Motion to Proceed *In Forma Pauperis*. (Docket entries #1 and 2.) In his Petition, Petitioner raises various habeas claims challenging his 1999 conviction in Benton County Circuit Court for first-degree murder. Petitioner was sentenced to an aggregate of fifty years' imprisonment in the Arkansas Department of Correction based on the conviction and the resulting revocation of a suspended sentence.

Petitioner acknowledges that he previously attacked the same conviction in a habeas action filed in the Western District of Arkansas. *See Bader v. Norris*, W.D. Ark. No. 5:05CV05175 JLH/BSG. According to the docket sheet in that case, on May 25, 2006, United States District Judge Jimm Larry Hendren dismissed the case, with prejudice. *Id.* at docket entry #27. Petitioner

attempted to appeal the denial of habeas relief, and his requests for a certificate of appealability were denied by the District Court on July 12, 2006, and by the Eighth Circuit Court of Appeals on January 11, 2007. *Id.* at docket entries #37 and #39.

Petitioner filed a second § 2254 habeas action in the Eastern District of Arkansas on December 28, 2007. *See Bader v. Norris*, E.D. Ark. No. 5:07CV00321 WRW/JTR. On January 17, 2008, United States District Judge William R. Wilson, Jr., dismissed the action, without prejudice, as an unauthorized second or successive habeas Petition. *Id.* at docket entry #9.

On February 20, 2008, Petitioner filed a Petition requesting permission to file a successive habeas Petition in the Eighth Circuit Court of Appeals. *Bader v. Norris*, Eighth Circuit Court of Appeals No. 08-1380. On June 23, 2008, the Court denied Petitioner's request. *Bader v. Norris*, Eighth Circuit No. 08-1380 (unpublished slip op. June 23, 2008).

On August 3, 2009, Petitioner filed the current habeas Petition, which represents his third attempt to collaterally attack his 1999 conviction in Benton County Circuit Court.[1] (Docket entry #2.) On September 8, 2009, Petitioner filed a second Petition in the Eighth Circuit Court of Appeals requesting permission to file a successive habeas Petition. *Bader v. Norris*, Eighth Circuit Court of Appeals No. 09-3102. As of this writing, that Petition remains pending.

For the reasons set forth below, the Court recommends that the Motion to Proceed *In Forma Pauperis* be denied, as moot, and that the habeas Petition be dismissed, without prejudice, so that Petitioner may seek permission from the Eighth Circuit to file a successive habeas petition.

## II. Discussion

A claim presented in a second or successive habeas petition under § 2254 must be dismissed

---

[1] Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis*. (Docket entry #1.)

unless the Petitioner can make a prima facie showing of the requirements of 28 U.S.C. § 2244(b)(2). However, this determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris,* 257 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

Petitioner clearly recognizes this requirement, given that he has simultaneously filed a Petition with the Eighth Circuit requesting permission to proceed with a successive habeas action. In the event that the Eighth Circuit grants his pending request, he may refile this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, AS MOOT.

2. The Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #2), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

Dated this 21st day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE